# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

March 16, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: H.M., D.M., L.M., K.M., & C.M.**

**No. 14-1170** (Randolph County 13-JA-40 through 13-JA-44)

## MEMORANDUM DECISION

Petitioner Father, by counsel Jeremy Cooper, appeals the Circuit Court of Randolph County's September 24, 2014, order terminating his parental rights to H.M., D.M., L.M., K.M., and C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather Weese, filed a response on behalf of the children that supports the circuit court's order. On appeal, Petitioner Father argues that the circuit court erred in denying his motion to vacate the earlier proceedings presided over by former Judge Jaymie Wilfong.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed a petition for abuse and neglect against petitioner alleging that he abandoned his children and left them with an inappropriate caregiver. The circuit court held its first adjudicatory hearing on December 6, 2013, during which petitioner waived any conflict as a result of his counsel filing a judicial ethics complaint against Judge Wilfong.[2] The circuit court continued the adjudicatory hearing until January of 2014 because petitioner had just been released from incarceration in the State of North Carolina and to allow the DHHR to serve petitioner with a copy of the petition for abuse and neglect.

---

[1]On May 1, 2014, then Chief Justice Robin Jean Davis signed an Administrative Order disqualifying Judge Wilfong from all cases prosecuted or otherwise handled by the Randolph County Prosecuting Attorney's Office following multiple judicial ethics complaints filed against Judge Wilfong. By order entered on October 30, 2014, this Court suspended Judge Wilfong until the end of her term in December 2016. See *In re Wilfong,* -- W.Va. --, 765 S.E.d2d 283 (2014). The following month, Judge Wilfong resigned as Randolph County Circuit Court Judge, Twentieth Judicial Circuit.

[2]On October 16, 2013, petitioner's counsel filed a judicial ethics complaint against Judge Wilfong alleging that she had an affair with William T. Carter, then director of the North Central Community Corrections Program.

1

The circuit court held another adjudicatory hearing in March of 2014. During the hearing, the testimony established that petitioner knowingly left his children with an inappropriate caregiver who was not allowed to have any contact with his children. The testimony also established that petitioner abandoned his children and failed to take responsibility for the underlying issues of neglect. Accordingly, the circuit court adjudicated petitioner as a "neglectful parent"[3] and found that aggravating circumstances existed because he abandoned his children. Following adjudication, petitioner moved for a post-adjudicatory improvement period. After considering petitioner's argument, the circuit court denied his motion for a post-adjudicatory improvement period. Specifically, the circuit court found that the DHHR was not required to offer petitioner services based on aggravating circumstances.

Following the disqualification of Judge Wilfong, the Honorable Thomas Keadle was assigned to hear the underlying abuse and neglect proceeding. Several days later, petitioner filed a motion to stay his dispositional hearing, to allow Judge Keadle an opportunity to review the transcripts of the prior proceedings, or in the alternative, vacate Judge Wilfong's prior orders. After considering the parties' arguments, Judge Keadle continued the dispositional hearing and directed the court reporter to produce copies of the transcripts from the prior hearings for his review. After reviewing the transcripts of the prior proceedings, Judge Keadle held a dispositional hearing, denied petitioner's motion to vacate Judge Wilfong's prior orders, took judicial notice of Judge Wilfong's prior orders, and terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[3]The circuit court actually adjudicated petitioner as a "neglectful" parent. However, West Virginia Code § 49-1-1 et seq. does not contain a definition of "neglectful parent." According to West Virginia Code § 49-1-3(2), "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse *or neglect*." (Emphasis added).

On appeal, petitioner argues that the circuit court erred in denying his motion to vacate Judge Wilfong's prior orders. Specifically, petitioner asserts that Judge Wilfong deliberately withheld her personal animosity toward petitioner's counsel for filing a judicial ethics complaint.[4] Petitioner's argument is premised on our holding in syllabus point three of *Tennant v. Marion Health Care Foundation*, 194 W.Va. 97, 459 S.E.2d 374 (1995). Petitioner contends that he is entitled to a new trial because Judge Wilfong intentionally failed to disclose facts leading to a disqualification. We disagree.

This Court has held that

> [a] claim of an appearance of impropriety does not rise to the level of a fundamental defect in due process requiring a new trial. Absent a showing of bias or prejudice, a new trial is unwarranted when (1) there has been a full trial on the merits, (2) there is no obvious error during the original proceedings, (3) the record shows it is extremely unlikely the prejudice could have affected the trial, and (4) the failure to disclose facts leading to a disqualification motion was inadvertent.

Syl. Pt. 3, *Id.* In order to be entitled to a new trial, petitioner was required to show "bias or prejudice." After a review of petitioner's brief and the appendix record, petitioner failed to demonstrate any actual bias or prejudice affecting his substantial rights. The evidence of neglect presented at the adjudicatory hearing was overwhelming. As noted above, the testimony established that petitioner left his children with an inappropriate caregiver (that he knew was not allowed to have any contact with the children), that he abandoned his children, and that he failed to take responsibility for the underlying issues of neglect. Additionally, a new trial was not warranted because the four-factor test set forth in *Tennant* was satisfied. First, it is undisputed that petitioner was granted a full adjudicatory hearing on the merits and a hearing on his motion for an improvement period. Next, there was no obvious error during the underlying proceedings. As stated above, the evidence presented at the adjudicatory hearing was overwhelming. Further, the DHHR was not required to make efforts to preserve the family based upon a finding of abandonment. *See* W.Va. Code § 49-6-5(a)(7)(a). Third, the record shows that prejudice could not have affected the trial. The record shows that Judge Keadle thoroughly reviewed the transcripts of the prior hearings and Judge Wilfong's orders before taking judicial notice of the underlying orders. Finally, any facts that Judge Wilfong allegedly failed to disclose was inadvertent. Petitioner's counsel was well aware of any potential conflict because he was one of several members of the West Virginia State Bar that filed an ethics complaint against Judge Wilfong. The Randolph County Prosecutor's Office, who represented the DHHR, and the guardian were similarly situated because they also filed a judicial ethics complaint against Judge Wilfong. Importantly, the record is devoid of any evidence that shows Judge Wilfong failed to disclose any facts that could have led to a disqualification. For these reasons, we find no error.

For the forgoing reasons, we affirm.

---

[4]By order entered January 28, 2015, this Court took judicial notice of the portion of Judge Wilfong's Response to the Judicial Investigation Commission's Formal Statement of Charges that involved petitioner's counsel.

Affirmed.

**ISSUED:**  March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II